[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15505
Non-Argument Calendar
_____

D.C. Docket No. 7:17-cr-00081-LSC-JHE-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SILVERIO CANALES-LICONA,
a.k.a. Silveiio Canales-Licona,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(November 2, 2018)

Before MARCUS, ROSENBAUM and JULIE CARNES, Circuit Judges.

PER CURIAM:

Silverio Canales-Licona appeals his conviction and 170-month total sentence imposed after a jury found him guilty of one count of possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On appeal, Canales argues

that: (1) the district court abused its discretion at trial by permitting a cooperating individual to testify that he had previously acted as a drug courier, in violation of Fed. R. Evid. 404(b) and 403; and (2) the district court erred at sentencing by not applying a minor-role downward adjustment to his offense level, pursuant to U.S.S.G. § 3B1.2(b). After thorough review, we affirm.

We review a district court's evidentiary rulings for abuse of discretion. United States v. Docampo, 573 F.3d 1091, 1096 (2009). We will reverse an erroneous evidentiary ruling only if the error was not harmless. United States v. Langford, 647 F.3d 1309, 1323 (11th Cir. 2011). An error is harmless unless there is a reasonable likelihood that it affected the defendant's substantial rights. Id. We will not reverse if sufficient evidence uninfected by error supports the verdict, and the error did not have a substantial influence on the outcome of the case. Id.

We review a district court's denial of a role reduction for clear error. United States v. Bernal-Benitez, 594 F.3d 1303, 1320 (11th Cir. 2010). We give great deference to the court for this factual inquiry, since the court "is in the best position to weigh and assess both the defendant's role in [his] relevant conduct and the relative degrees of culpability of the other participants in that conduct." United States v. De Varon, 175 F.3d 930, 938 (11th Cir. 1999) (en banc).

First, we are unpersuaded by Canales's claim that the district court abused its discretion by allowing a cooperating individual to testify at trial in violation of

2

Federal Rules of Evidence 404(b) and 403. Federal Rule of Evidence 404(b) forbids the admission of evidence of "a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). However, this evidence may be admissible for other purposes, including proof of intent, knowledge, or absence of mistake. Id. To be admissible, the Rule 404(b) evidence must (1) be relevant to an issue other than the defendant's character, (2) be sufficiently proven to allow a jury to find that the defendant committed the extrinsic act, and (3) possess probative value that is not substantially outweighed by its undue prejudice under Fed. R. Evid. 403. United States v. Barron-Soto, 820 F.3d 409, 417 (11th Cir. 2016).

Federal Rule of Evidence 403 permits a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Rule 403 "is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." United States v. Lopez, 649 F.3d 1222, 1247 (11th Cir. 2011) (quotation omitted).

In reviewing issues under Rule 403, we "look at the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact." United States v. Edouard, 485 F.3d 1324, 1344 n.8 (11th Cir.

3

2007) (quotation omitted).  Relevant circumstances for determining if the danger of unfair prejudice substantially outweighs the probative value of Rule 404(b) evidence include: whether the defendant would contest the issue of knowledge or intent, the overall similarity of the extrinsic act and the charged offense, and the temporal remoteness between the extrinsic act and the charged offense.  United States v. Jernigan, 341 F.3d 1273, 1281-82 (11th Cir. 2003).

Canales challenges the district court's admission of testimony from Epifanio Acosta, an individual who had cooperated with the government and who testified about Canales's prior involvement in transporting drugs, and claims that Acosta's testimony was not probative of Canales's knowing possession of the drugs, and was prejudicial.  But, as the record reveals, the district court did not abuse its discretion in admitting Acosta's testimony under Rule 404(b).  For starters, Canales disputed his intent and knowledge in the drug smuggling.  Id. at 1282.  As for temporal proximity, Acosta testified that he used Canales to transport drugs in the summer of 2016 and Canales was arrested for the instant offense shortly thereafter, in December 2016.  As for the offenses' similarities, in both occasions: (1) Canales was transporting cocaine; (2) Canales was using his legitimate employment as a trucker in order to conceal his transportation of quantities of cocaine; and (3) Canales was using refrigerated trailers to transport the drugs.  Even though the drugs were concealed in the truck trailer this time and the truck cab last time, the knowledge

4

element of Canales's offense of conviction, 21 U.S.C. § 841(a)(1), requires only that Canales knew he was possessing a controlled substance, not that he knew every detail of the contraband. Cf. United States v. Sanders, 668 F.3d 1298, 1310-13 (11th Cir. 2012). On this record, the district court neither violated Rule 404(b) nor Rule 403 in concluding that the probative value of the evidence substantially outweighed any danger of unfair prejudice. Edouard, 485 F.3d at 1344 n.8; Lopez, 649 F.3d at 1247.

We also find no merit to Canales's claim that the district court clearly erred at sentencing by not applying a minor-role reduction. The Sentencing Guidelines provide for a two-level decrease to a base offense level if a defendant was a minor participant in the criminal activity. U.S.S.G § 3B1.2(b). A minor participant is one who is less culpable than most other participants, "but whose role could not be described as minimal." Id., comment. (n.5). In determining whether a role adjustment is applicable, the district court: (1) must compare the defendant's role against the relevant conduct for which he was held accountable, and (2) may also measure the defendant's role against the other discernable participants in that relevant conduct. De Varon, 175 F.3d at 945. However, "[t]he fact that a defendant's role may be less than that of other participants engaged in the relevant conduct may not be dispositive of role in the offense, since it is possible that none are minor or minimal participants." Id. at 944.

5

The determination of whether to apply a mitigating-role adjustment "is heavily dependent upon the facts of the particular case." U.S.S.G. § 3B1.2, comment. (n.3(C)). Among other things, the district court may consider the degree to which the defendant understood the scope and structure of the criminal activity, participated in planning or organizing the criminal activity, exercised decision-making authority, and stood to gain from the transaction, as well as the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed, and the defendant's responsibility and discretion in performing them. Id.; see also De Varon, 175 F.3d at 945 (instructing courts to consider similar factors in drug courier context).

We've recognized that "when a drug courier's relevant conduct is limited to her own act of importation, a district court may legitimately conclude that the courier played an important or essential role in the importation of those drugs." De Varon, 175 F.3d at 942-43; U.S.S.G. § 3B1.2, comment. (n.3(A)) ("[A] defendant who is convicted of a drug trafficking offense, whose participation in that offense was limited to transporting or storing drugs and who is accountable under [U.S.S.G.] § 1B1.3 only for the quantity of drugs the defendant personally transported or stored may receive an adjustment under this guideline). However, we've declined to "create a presumption that drug couriers are never minor or minimal participants, any more than that they are always minor or minimal"; rather, "the district court

must assess all of the facts probative of the defendant's role in [his] relevant conduct in evaluating the defendant's role in the offense." De Varon, 175 F.3d at 943; see id. at 942 ("[C]ourier status in and of itself is not dispositive of whether a defendant is entitled to or precluded from receiving a downward adjustment for role in the offense").  The defendant bears the burden of establishing his minor role in the offense by a preponderance of the evidence. Bernal-Benitez, 594 F.3d at 1320.

Here, the district court did not clearly err in denying Canales the minor role adjustment.  As the record reflects, the relevant conduct attributable to Canales was the transportation of more than 70 kilograms of cocaine, which means that his base offense level accounted for the actual amount of drugs involved in his offense, and that the relevant conduct attributed to him is identical to his actual conduct.  Thus, under De Varon, Canales was involved with the full amount of drugs for which he was held accountable.  The record further reveals that Canales had leeway and discretion in transporting the drugs -- he essentially acted as an "independent contractor," obtaining the truck, developing an alibi, and preparing the paperwork to make his trip seem legitimate.  There was no evidence that his truck or trailer was equipped with a GPS or other monitoring apparatus, so the source of the cocaine placed a great deal of trust in him.  Finally, Canales has failed to prove that he played a lesser role in his offense than the conduct attributed to him in calculating his base

7

offense level.  Thus, it was not clear error for the district court to weigh Canales's culpability in the scheme of his own conduct, and we affirm.

**AFFIRMED**.